W. H. H. WRIGHT *v.* ARTHUR BANKS' EX'R.

**Bills and Notes—Assignment and Transfer are Synonymous Terms—Without Recourse—Presumption.**

The note was not formally assigned by a written endorsement upon the back but the bond for title recites that it was transferred to appellant. The terms assignment and transfer, when applied to contracts of sale of promissory notes, are used synonymously by the

general public and also, in some instances, by the courts. The failure to assign in writing raises the presumption that the sale was made without recourse.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

June 28, 1872.

OPINION BY JUDGE LINDSAY:

The testimony all conduces to show that the agreement between Banks and Howard was that in consideration of the payment of interest in advance, the note was not to be regarded as due until the 1st day of January, 1871. Although the recital in the bond for title held by Banks does not necessarily operate as an estoppel, it strongly corroborates the testimony of Howard as to the agreement at the time the interest on the note was paid. It follows, therefore, that appellant used legal diligence in attempting its collection.

Although it appears from the title bond filed by appellee that Wright accepted the note on Howard as part payment for the lot yet it also appears that the note was "transferred" to him. It is true it was not formally assigned by a written endorsement upon its back, but the bond for title which Banks introduces as evidence of what the contract was recites that it was "transferred" to appellants.

The terms assignment and transfer, when applied to contracts of sale of promissory notes, are used synonymously by the general public, and also in many instances the courts.

Nor is it material that the assignment was not in writing signed by the assignor. It is true that the failure to assign in writing raises the presumption that the sale was made without recourse, but this presumption is rebutted by the recitals of the title bond considered in connection with the circumstances attending the transaction.

The note was not delivered to Wright at the time of the sale of the lots. It was not due for nearly six months thereafter and when due it was worthless. We cannot conclude that appellant intended to risk the solvency of Howard, there being nothing in the record to show that he sold the lot for more than its real value.

We are of opinion that Banks is responsible to appellant upon his contract of "transfer." Wherefore, the cause is remanded for judgment in favor of the latter and for such other proceedings as may be proper.

*Apperson, for appellants.*

*Holt, for appellees.*